**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

**DAVID A. DRIELING**                                                    **PLAINTIFF**

**v.**                                                    **CIVIL ACTION NO.:**  1:26cv158 LG-RPM

**GULFPORT WINGS, LLC D/B/A**
**HOOTERS OF GULFPORT**                                                    **DEFENDANT**

**COMPLAINT**
**JURY TRIAL DEMANDED**

**COMES NOW** Plaintiff, David A. Drieling, by and through counsel, The Watson Law Firm, PLLC, brings this action to recover damages for violations of his rights pursuant to Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981 for race discrimination and retaliation and pursuant to Title VII of the Civil Rights Act of 1964 for sex discrimination against the Defendant, Gulfport Wings, LLC d/b/a Hooters of Gulfport. In support of this cause, the Plaintiff would show unto the Court the following facts to-wit:

**THE PARTIES**

1.      Plaintiff, David A. Drieling, is a male resident of Jackson County, Mississippi.

2.      Defendant, Gulfport Wings, LLC d/b/a Hooters of Gulfport, may be served with process by serving its registered agent, Joe Bilhimer, 5003 Oak Court, Long Beach, Mississippi 39560.

**JURISDICTION AND VENUE**

3.      This Court has federal question jurisdiction pursuant to Title VII of the Civil Rights Act of 1964, and 42 U.S.C. § 1981.

4.      This Court has subject matter jurisdiction, and venue is proper in this Court.

5.      Plaintiff filed a Charge of Discrimination with the EEOC on March 4, 2025, a

true and correct copy of which is attached as Exhibit "A."  Plaintiff filed an amended Charge of Discrimination with the EEOC on March 13, 2025, a true and correct copy of which is attached as Exhibit "B."  The EEOC issued a Notice of Right to Sue on February 20, 2026, a true and correct copy of which is attached as Exhibit "C."  Plaintiff timely files this action within ninety (90) days of receipt of his Notice of Right to Sue.

## STATEMENT OF FACTS

6.    Plaintiff is a 41-year-old gay white male resident of Jackson County, Mississippi.

7.    Plaintiff was hired on July 29, 2024, as an Assistant Manager at Gulfport Wings, LLC d/b/a Hooter's (GW).

8.    Plaintiff worked at a facility in Gulfport.

9.    Around mid to late August 2024, Cook Philip Chandler ('Tony'), Cook Rickey Gibbs, and Cook Joshua Smart began making sexually harassing comments toward Plaintiff regarding his sexual orientation (gay).

10.    Specifically, they referred to him as a "faggot" and as a "bitch".

11.    On or around November 10, 2024, Plaintiff's romantic partner (who is black) came to the restaurant and was seen by Mr. Chandler, Mr. Gibbs, and Mr. Smart.

12.    The three then made racially harassing comments to Plaintiff that he was a "nigger fucker".

13.    During early November 2024, Plaintiff reported the sexually and racially harassing comments to which he was subjected to Owner Peter Meleones and General Manager Melvin Ray.

14.    On November 16, 2025, Mr. Meleones informed Plaintiff that he was terminated.

2

15.     No reason was given for the termination.

16.     Plaintiff contends he was retaliated against him after he complained of being harassed due to race and sexual orientation.

17.     On March 4, 2025, Plaintiff filed an EEOC Charge of discrimination due to race, sex, and retaliation against GW.

18.     On March 13, 2025, Plaintiff filed an amendment of his previously filed Charge.

19.     On April 22, 2025, in response to Plaintiff's Charge, GW Owner Peter Meleones submitted a Position Statemen to the EEOC.

20.     Mr. Meleones' Position Statement alleges that GW "…deny that anything of this [Plaintiff's claims] ever happened…these charges are just not true…and consider the charges leveled against us as frivolous, offensive, defamatory, and just not true."

21.     Plaintiff contends that this allegation is false.

22.     As explained above, Plaintiff was harassed/discriminated against due to sexual orientation, and due to race by association.

23.     Then, after he reported these harassing/discriminatory incidents to GW management, he was retaliated against and terminated.

## CAUSES OF ACTION

## COUNT I: VIOLATION OF TITLE VII - RACE DISCRIMINATION

24.     Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 23 above as if fully incorporated herein.

25.     Defendant has discriminated against Plaintiff because of his race based on the facts identified above which constitutes a violation of Title VII.

26.     Plaintiff has suffered lost wages, benefits because of his termination as well as future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.

27.     The unlawful actions of Defendant complained of above were intentional malicious, and taken in reckless disregard of the statutory rights of Plaintiff, thus giving rise to both compensatory and puntive damages pursuant to Title VII.

## COUNT II:  VIOLATION OF 42 U.S.C. § 1981 - RACE DISCRIMINATION

28.     Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 27 above as if fully incorporated herein.

29.     The Defendant has discriminated against Plaintiff because of his race based on the facts identified above and is a violation of 42 U.S.C. § 1981.

30.     Plaintiff has suffered lost wages, benefits because of his termination as well as future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.

31.     The unlawful actions of the Defendant complained of above were intentional, malicious, and taken in reckless disregard of the statutory rights of Plaintiff.

## COUNT III: VIOLATION OF TITLE VII - RETALIATION

32.     Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 31 above as if fully incorporated herein.

33.     Defendant retaliated against Plaintiff by terminating his employment after he made a complaint of race discrimination.

34.     The effect of the events described above deprived Plaintiff of equal employment opportunities in retaliation for exercising his federally protected rights.

35.     The unlawful actions of the Defendant complained of above were

4

intentional.

36.     The unlawful employment practices described above were done with malice or with reckless indifference to the federally protected rights of Plaintiff.

37.     Plaintiff is entitled to protection from retaliation for making complaints or charges of discrimination pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(e) *et seq.*

38.     The acts of the Defendant constitute a willful intentional violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) *et seq.,* and entitle Plaintiff to recovery of damages, both pecuniary and punitive in nature.

## COUNT IV:  VIOLATION OF 42 U.S.C § 1981 – RETALIATION

39.     Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 38 above as if fully incorporated herein.

40.     Defendant has violated 42 U.S.C. §1981 by retaliating against Plaintiff after he made a complaint of race discrimination.

41.     Plaintiff is entitled to protection for making complaints or charges of misconduct in violation of 42 U.S.C. §1981.

42.     The acts of the Defendant constitute a willful intentional violation of 42 U.S.C. §1981 and other federal laws, and entitle Plaintiff to recovery of damages, both pecuniary and punitive in nature.

## COUNT V: VIOLATION OF TITLE VII - SEX DISCRIMINATION

43.     Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 42 above as if fully incorporated herein.

44.     Defendant discriminated against Plaintiff because of his sex, male, based on the facts identified above which constitute a violation of Title VII of the Civil Rights Act

of 1964.

45.     Defendant was motivated to discriminate against Plaintiff because he is a male.

46.     Plaintiff has suffered lost wages, benefits because of his termination as well as future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.

47.     The unlawful actions of Defendants complaint of above were intentional, malicious, and taken in reckless disregard of the statutory rights of Plaintiff giving rise to both compensatory and punitive damages under Title VII.

## **PRAYER FOR RELIEF**

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully prays that the Court cause service to issue in this cause upon the Defendant and that this matter be set for trial.  Upon trial by jury thereon, Plaintiff prays that the following relief be granted:

1. Back wages;
2. Reinstatement or future pay in lieu of reinstatement;
3. Compensatory damages;
4. Punitive damages;
5. Attorney's fees;
6. Lost benefits;
7. Pre-judgement and post-judgment interest;
8. Costs and expenses; and
9. Such further relief as is deemed just and proper.

THIS the 21st day of May 2026.

Respectfully submitted,

David A. Drieling, Plaintiff

By: /s Louis H. Watson, Jr.
Louis H. Watson, Jr.  (MB# 9053)
Katharine A. Vana (MP# 107123)
Attorneys for Plaintiff

6

OF COUNSEL:
THE WATSON LAW FIRM, PLLC
1501 JACKSON AVE W STE 113 PMB 101
OXFORD, MS 38655-2566
Telephone: (601) 968-0000
Facsimile: (601) 968-0010
Email: louis@thewatsonlawfirm.com
        kate@thewatsonlawfirm.com